|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
| 3   |     |     |
| 4   |     |     |
| 5   |     |     |
| 6   |     |     |
| 7   |     |     |
| 8   | UNITED STATES DISTRICT COURT | |
| 9   | EASTERN DISTRICT OF CALIFORNIA | |
| 10  |     |     |
| 11  | RENEE JOHNSON MONROE, | No. 2:15-cv-02079-TLN-CKD |
| 12  | Plaintiff, | |
| 13  | v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION** |
| 14  | METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, | |
| 15  |     |     |
| 16  | Defendant. | |

This matter is before the Court on Plaintiff Renee Monroe's ("Plaintiff") Motion for Summary Adjudication (ECF No. 28). Defendant Metropolitan Life Insurance Company ("Defendant") opposes the motion. (ECF No. 29.) Plaintiff filed a reply. (ECF No. 32.) Having reviewed the filings and for the reasons set forth below, the Court hereby GRANTS Plaintiff's Motion for Summary Adjudication (ECF No. 28).

**I.　Factual and Procedural Background**

The material facts are largely undisputed. (*See* Statement of Undisputed Facts ("SUF"), ECF No. 28-2.) Plaintiff has resided in California since 1961. (SUF ¶ 1.) She worked for Kaiser Foundation Health Plan, Inc. ("Kaiser"), from the 1990's until June 2, 2015. (SUF ¶ 2.) Kaiser adopted the Kaiser Permanente Welfare Benefit Plan Document effective January 1, 1997, as the governing document for all of its employee welfare benefit programs. (SUF ¶ 3.) The Welfare

Benefit Plan included a group long-term disabilities insurance policy (the "Policy") and the Kaiser Welfare Benefit Plan for Insured Plans (the "Plan"). (SUF ¶ 3.) Plaintiff enrolled in the Plan on May 4, 1998. (SUF ¶ 4.)

Plaintiff's employment was terminated on June 2, 2015. (SUF ¶ 29.) At that time, Plaintiff advised Kaiser that she had a pending long-term disability claim. (SUF ¶ 29.) Kaiser advised Plaintiff that the termination would not affect any long-term disability benefits. (SUF ¶ 31.) Following her termination, Plaintiff submitted a claim to Defendant for long-term disability benefits in August 2013. (SUF ¶ 33.) Defendant denied her claim on May 2, 2014. (SUF ¶ 34.) Plaintiff submitted a second claim for the same time period to Defendant in December 2014. (SUF ¶ 35.) On January 13, 2015, Defendant denied the second claim and instructed Plaintiff that the proper procedure to get her claim approved was through an appeal to Defendant rather than filing a new claim. (SUF ¶ 36.) Defendant treated the two claims as one and invited Plaintiff to appeal the May 2, 2014 denial. (SUF ¶ 37.) Plaintiff appealed on January 29, 2015. (SUF ¶ 38.) Defendant denied her appeal on April 7, 2015. (SUF ¶ 39.) Plaintiff filed the instant lawsuit seeking to recover unpaid disability benefits under the Plan and the Policy pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. (SUF ¶¶ 40–41.)

### A. Relevant Discussion of the Plan and the Policy

The Policy funds the long-term disability portion of the Plan. (SUF ¶ 5.) Defendant is the claims administrator for the Plan's disability benefit claims. (SUF ¶¶ 6–7.) Kaiser is the plan administrator for the Plan. The Policy does not include discretionary language to interpret the Policy, determine entitlement to benefits, or any other decision making ability. (SUF ¶ 9.) However, the Plan documents afford Defendant discretionary authority to interpret the Plan or Policy, and to determine entitlement to Plan and Policy benefits. (SUF ¶ 10.) The Plan also includes language appointing Defendant a "Named Fiduciary" with respect to benefit determinations. (SUF ¶ 11.) Named Fiduciaries are afforded the following discretionary authority:

(1) "full and complete discretionary authority with respect to its

> responsibilities under the Plan and any Program hereunder," which decisions "shall be conclusive and binding on all persons and shall be given the maximum possible deference allowed by law;"
>
> (2) "discretionary authority to construe and interpret each and every document setting forth the applicable terms of a Plan, including but not limited to this document, Summary Plan Descriptions and Contracts;"
>
> (3) "discretionary authority to approve or deny claims for benefits under such Plan."

(SUF ¶ 12.)

The Summary Plan Description similarly includes a grant of discretion to Plan fiduciaries.

> **Discretionary Authority of Plan Administrators and Other Plan Fiduciaries**. In carrying out their respective responsibilities under the Plan, the Plan administrator and other fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for the entitlement to Plan benefits in accordance with the terms of the Plan. Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

(SUF ¶ 14.) The Summary Plan Description explicitly incorporates itself into the Plan and states that "in the event there is no other Plan document, this [Summary Plan Description] shall serve as a Summary Plan Description and shall constitute the Plan." (SUF ¶ 15.) The Plan document likewise incorporates by reference the Policy and Summary Plan Description.[1] (SUF ¶ 16.)

Defendant's claim log indicates a January 1 effective date for the Plan, including as of January 1, 2014. (SUF ¶ 21.) The Policy does not explicitly reference an anniversary date, but the Certificates of Insurance for the Policy are always dated January 1. (SUF ¶ 22.) The Summary Plan Description includes "the Plan's fiscal records are kept on a Plan year basis beginning on January 1st and ending on the following December 31st." (SUF ¶ 24.) The Policy

---

[1] Defendant objects to facts in Plaintiff's Statement of Undisputed Facts on the grounds that they are irrelevant. (*See* ECF No. 29-2.) The Court does not address each evidentiary objection because doing so is unnecessary to resolve the instant motion. *See Wynes v. Kaiser Permanente Hosps.*, 936 F. Supp. 2d 1171, 1180 n.8 (E.D. Cal. 2013). However, the Court notes Defendant's objections on the basis of irrelevance are "more fruitfully and efficiently analyzed against the summary judgment standard itself." *Pinder v. Employment Development Department*, No. 2:13-cv-00817-TLN-DB, 2017 WL 56863, at *7 (E.D. Cal. Jan. 5, 2017). Accordingly, the Court will consider the relevance of the objected passages in the context of the motion.

was amended on January 1, 2011, January 1, 2013, and October 2, 2013. (SUF ¶ 25.)

### B. The California Statute

Plaintiff asserts California Insurance Code § 10110.6 voids the discretionary authority granted to Defendant under the Plan and Summary Plan Description. (ECF No. 28-1 at 10.) Section 10110.6 provides in relevant part:

> (a) If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable.
>
> (b) For the purposes of this section "renewed" means continued in force on or after the policy's anniversary date.

Cal. Ins. Code § 10110.6(a), (b). The statute is "self-executing," meaning if any discretionary provision falls within the language of the statue, the courts will automatically treat that provision as void and unenforceable. *Orzechowski v. Boeing Company Non-Union Long-Term Disability Plan*, 856 F.3d 686, 693 (9th Cir. 2017).

### II. STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotations omitted). Indeed, summary judgment should be entered against a party

4

who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir.

1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

### III. ANALYSIS

Plaintiff filed the instant motion seeking determination of the appropriate standard of review to be used at trial. (*See* ECF No. 28.) A denial of ERISA benefits challenged under 29 U.S.C. § 1132 "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). "If an insurance contract has a valid discretionary clause, the decisions of the insurance company are reviewed under an abuse of discretion standard." *Orzechowski*, 856 F.3d at 691–92 (citation omitted). The burden is on "the administrator . . . to show that the plan gives it discretionary authority in order to get any judicial deference to its decision." *Kearney v. Std. Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir. 1999) (en banc), *cert. denied*, 528 U.S. 964 (1999).

Plaintiff argues California Insurance Code § 10110.6 voids the discretionary portions of the Plan and the Summary Plan Description such that a *de novo* standard applies. (ECF No. 28-1 at 10.) Defendant argues an abuse of discretion standard is appropriate for three reasons: (1) Section 10110.6 does not apply to the Plan and Plan documents; (2) the Plan did not renew after the statutes effective date; and (3) Section 10110.6 is preempted by ERISA. Defendant as the administrator bears the burden of establishing abuse of discretion is appropriate. However, the Court need not address the merits of Defendant's arguments, because the Ninth Circuit recently issued a ruling disposing of Defendant's arguments. *See Orzechowski v. Boeing Company Non-Union Long-Term Disability Plan*, 856 F.3d 686, (9th Cir. 2017).

#### A. Section 10110.6 Applies to the Plan

Defendant argues that by the express terms of Section 10110.6, the statute only applies to "*insurers* and *insurance* policies or *insurance* contracts." (ECF No. 29 at 5 (emphasis in original).) Defendant asserts nothing in the legislative history provides that it "was intended to

6

invalidate discretionary provisions contained within employee benefit plans." (ECF No. 29 at 6.) In *Orzechowski*, the Ninth Circuit reviewed a district court's finding that Section 10110.6 did not apply to ERISA plans. The Ninth Circuit reversed holding Section 10110.6 "regulates entities engaged in insurance even if they are not insurance companies." *Orzechowski*, 856 F.3d at 694 (citing *Kentucky Ass'n of Health Plans v. Miller*, 538 U.S. 329, 342 (2003)). The Ninth Circuit further stated "[b]y its express terms, [Section] 10110.6 covers not only policies that provide or fund disability insurance coverage but also contracts, certificates, or agreements that fund disability insurance coverage. An ERISA plan is a contract and thus the Master Plan falls under [Section] 10110.6." *Id.* at 695 (internal citations omitted). Accordingly, Section 10110.6 applies to Defendant as an entity engaged in insurance and Section 10110.6 covers the Plan and Supplemental Plan Descriptions as contracts pertaining to insurance.

### B. The Plan renewed after the statute's effective date

Defendant contends Plaintiff has not submitted any evidence that the Plan renewed after the statute's effective date of January 1, 2012. (ECF No. 29 at 7.) Defendant argues the Plan provides that it may only be amended in writing and the last amendment was October 21, 2011. (ECF No. 29 at 7.) Because the amendment occurred prior to the effective date of the statute, Defendant contends the Plan does not fall within Section 10110.6. Section 10110.6 defines renew as "continued in force on or after the policy's anniversary date." Cal. Ins. Code § 10110.6(b). The definition does not use or refer to the word amend. The Ninth Circuit noted "[t]he statute makes it clear that it applies when the policy renews," and uses the definition provided by the legislature to determine when a policy renews. *Orzechowski*, 856 F.3d at 695. Defendant's focus on the process to amend the Plan is therefore misplaced.

Here, the parties do not dispute that the "Policy does not explicitly state an 'anniversary date' but the Certificates of Insurance for the Policy are always dated January 1." (SUF ¶ 22.) The Certificates thus represent the anniversary date of the Policy. As in *Orzechowksi*, Defendant's Policy renewed when it continued in force beyond its anniversary date of January 1. The Plan "similarly renewed when it continued in force beyond the Policy's effective date." *Orzechowski*, 856 F.3d at 695. Accordingly, in the instant case the Plan renewed after the

7

statute's effective date and Section 10110.6 is applicable.

## C. ERISA does not preempt Section 10110.6

Defendant argues Section 10110.6 does not trump the plan document's grant of discretion because to do so is contrary to the purpose of ERISA. (ECF No. 29 at 8.) Defendant argues "plan documents, such as the Kaiser Plan Document as issue here, are governed exclusively by ERISA and pursuant to Supreme Court authority must be enforced as written." (ECF No. 29 at 10.) Defendant's arguments amount to a claim that ERISA preempts Section 10110.6 and thus, it does not apply. However, as the Ninth Circuit explained, ERISA's saving clause is used to save from preemption, "any law of any state which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). The Ninth Circuit held that Section 10110.6 came within ERISA's saving clause because it met both prongs of the Supreme Court's test in *Miller*. *Orzechowski*, 856 F.3d at 693 (citing *Miller*, 538 U.S. at 342 (requiring a two-step test for when a state statute comes within the savings clause; (1) law must be specifically directed towards entities engaged in insurance; and (2) the law must substantially affect the risk of pooling arrangement between the insurer and the insured)). Based on this analysis, the Ninth Circuit held ERISA did not preempt Section 10110.6. *Orzechowski*, 856 F.3d at 692. Accordingly, Defendants argument is unavailing.

## IV. CONCLUSION

As discussed above, Section 10110.6 is not preempted by ERISA and is applicable to the Plan at issue. Accordingly, the discretionary language in the Plan and the Summary Plan Documents are void and unenforceable. The Court hereby GRANTS Plaintiff's Motion for Summary Adjudication (ECF No. 28), and finds that a *de novo* standard of review will apply at trial. The parties shall file an updated Joint Status Report within fourteen (14) days of this Order notifying the Court of their readiness to proceed to trial and proposing trial dates.

IT IS SO ORDERED.

Dated: July 12, 2017

Troy L. Nunley
United States District Judge