UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE JOHNSON MONROE,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>Defendant. | No. 2:15-cv-02079-TLN-CKD<br><br>**ORDER DENYING REQUEST TO FILE ADMINISTRATIVE RECORD UNDER SEAL** |

This case involves a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Court granted the parties the ability to augment the Administrative Record on January 2, 2018. (ECF No. 43.) Defendant Metropolitan Life Insurance Company ("Defendant") requests to seal the Administrative Record pertaining to Plaintiff Renee Monroe's ("Plaintiff") long-term disability claim. (ECF No. 46.) Defendant asserts "there are 2,349 pages of documents in the Administrative Record, the majority of which contain personal and private information relating to Plaintiff." (ECF No. 46 at 2.)

Ninth Circuit precedent recognizes a strong common law presumption in favor of public access to court records. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Defendant bears the burden of overcoming this presumption by demonstrating there is a "compelling reason" for sealing the requested items. *Kamakana v. City & Cty. of*

1

| | |
|---|---|
| 1 | *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Defendant has provided no case authority or |
| 2 | compelling reason for this Court to order the entire record be placed under seal.  Defendant |
| 3 | merely asserts the size of the record and the substantial amount of private and personal |
| 4 | information would make it "extremely burdensome to provide the Court with redacted |
| 5 | documents."  (ECF No. 46 at 2.)  The burdensome nature of sealing the record alone is an |
| 6 | insufficient reason.  Given the nature of this case, the Court is aware "there is a substantial |
| 7 | amount of information that may well fit the standard for sealing, and that it would be an easier |
| 8 | course to simply treat the entirety of the record as if it were colored with the same dye." *Lisa O.* |
| 9 | *v. Blue Cross of Idaho Health Serv., Inc.*, Case No.: 12-cv-00285-EJL-REB, 2014 WL 12614479, |
| 10 | at *2 (D. Idaho July 30, 2014).  "But, the law does not permit such a course." *Id*. |
| 11 |       Accordingly, Defendant's request must be DENIED.  Defendant may renew its request to |
| 12 | seal in accordance with Local Rule 141(b).  In doing so, Defendant should include a proposed |
| 13 | redacted copy of the Administrative Record as part of his submission. |
| 14 |       IT IS SO ORDERED. |
| 15 | |
| 16 | Dated: March 12, 2018 |
| 17 | |
| 18 | |
| 19 |                               Troy L. Nunley |
| 20 |                               United States District Judge |