UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE JOHNSON MONROE,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York Insurance Company; and DOES 1 to 10, inclusive,<br><br>Defendants. | No. 2:15-cv-02079-TLN-CKD<br><br>**JUDGMENT** |

Judgment is hereby entered in favor of Plaintiff Renee Johnson Monroe ("Plaintiff") and against Defendant Metropolitan Life Insurance Company ("Defendant") in accordance with the terms of the Court's March 24, 2020 Findings of Fact and Conclusions of Law. (ECF No. 61.) The Court finds Plaintiff was disabled from her "usual occupation" pursuant to the terms of the Kaiser Foundation Health Plan, Inc. Long-Term Disability Plan (the "Plan"). As such, the Court overturns Defendant's denial of Plaintiff's claim for long-term disability ("LTD") benefits under the Plan's "usual occupation" provision.

Based on Plaintiff's pre-disability earnings as of her March 24, 2013 date of disability, Plaintiff's monthly LTD benefit under the terms of the Plan (before any reduction due to her receipt of "Other Income") is $2,434.92.

///

Defendant is ordered to pay past-due benefits to Plaintiff for the 24-month "usual occupation" period of the Plan in the amount of $26,940.06.  This amount, which constitutes the total LTD benefits payable under the Plan's "usual occupation" provision, covers the LTD benefits payable to Plaintiff through March 9, 2016.

The parties have agreed, and the Court hereby orders that Defendant shall also pay prejudgment interest to Plaintiff in the amount of $3,761.66.

Additionally, this Court remands Plaintiff's claim under the "any occupation" definition of disability back to Defendant so that Defendant can determine whether Plaintiff is entitled to LTD benefits beyond March 9, 2016 under ERISA and pursuant to the terms of the Plan. Both parties shall be subject to the terms and provisions of the Plan during the review on remand.

Plaintiff may apply to the Court for an award of attorneys' fees and recovery of costs of action within twenty-eight (28) days of the entry of this Judgment, pursuant to Local Rule 293.

IT IS SO ORDERED.

DATED:  May 5, 2020

Troy L. Nunley
United States District Judge