++

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE JOHNSON MONROE,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation; and DOES 1 to 10, inclusive<br><br>Defendant. | No. 2:15-cv-02079-TLN-CKD<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff Renee Johnson Monroe's ("Plaintiff") Motion for Attorneys' Fees. (ECF No. 71.) Defendant Metropolitan Life Insurance Company ("Defendant") filed an opposition. (ECF No. 73.) Plaintiff filed a reply. (ECF No. 75.) For the reasons set forth below, Plaintiff's motion is GRANTED in part and DENIED in part.

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brought this action pursuant to the Employee Retirement Income Security Act ("ERISA") based on Defendant's denial of benefits to which Plaintiff was entitled. (ECF No. 1 at 79.) On May 6, 2020, after a bench trial, the Court entered judgment in Plaintiff's favor and gave Plaintiff twenty-eight days to apply for attorneys' fees and recovery of costs. (ECF No. 67.) Plaintiff filed the instant motion on June 1, 2020, requesting $429,568 in attorneys' fees and $3,308.96 in costs for a total of $432,876.96. (ECF No. 71-1 at 25.)

### II. STANDARD OF LAW

ERISA's civil enforcement provision states that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). As a preliminary matter, the Court must determine whether fees can be awarded. A claimant is eligible to seek fees under section 1132(g)(1) if they have achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010). "A claimant does not satisfy that requirement by achieving 'trivial success on the merits' or a 'purely procedural victor[y],' but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits . . . ." *Id.* at 255 (alteration in original) (citation omitted).

The Ninth Circuit has instructed that courts should consider the following factors in determining whether to award fees under § 1132(g)(1): "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). However, "where the fact that the plaintiff prevailed 'is evident from the order of the district court, it is unnecessary for the court to engage in a discussion of the factors enumerated in *Hummell*.'" *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001) (citation omitted). A prevailing ERISA beneficiary "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Smith*

2

1 *v. CMTA-IAM Pension Tr.*, 746 F.2d 587, 589 (9th Cir. 1984) (internal quotation marks omitted).
2 "Indeed, the presumption in favor of fees in such cases means that the district court need not
3 discuss the *Hummell* factors at all before granting the motion." *Herrman v. LifemMap Assurance*
4 *Co.*, 810 F. App'x 574, 575 (9th Cir. 2020).

### III. ANALYSIS

Plaintiff seeks $432,876.96 in attorneys' fees and costs. (ECF No. 71-1 at 25.) In opposition, Defendant argues that the Court should not award any fees to Plaintiff or, alternatively, should reduce the fees by at least 50% to $216,000. (ECF No. 73 at 25–26.) The Court will address whether Plaintiff is entitled to attorneys' fees and, if so, what amount is reasonable based on Plaintiff's hourly rates and hours expended.

#### A. Whether Plaintiff is Entitled to Fees

Although Defendant argues in length that Plaintiff has not met her burden under the *Hummell* factors, the Court need not discuss those factors when the beneficiary or plan participant prevails before the district court. *Grosz-Salomon*, 237 F.3d at 1164. A plan participant or beneficiary can be said to have prevailed when she has enforced her rights under the plan, after which recovery of attorney's fees is appropriate. *Canseco v. Constr. Laborers Pension Tr.*, 93 F.3d 600, 609 (9th Cir. 1996). Here, Plaintiff prevailed and fully enforced her rights under the plan. (*See* ECF No. 67.) Notably, Defendant does not argue otherwise. Therefore, the Court need not and does not address the *Hummell* factors. *Herrman*, 810 Fed. App'x at 575.

#### B. Whether the Amount of Fees Requested is Reasonable

Where a district court determines attorneys' fees are appropriate, it must then calculate the amount of fees to be awarded using "a two-step hybrid lodestar/multiplier approach" by multiplying the number of hours reasonably expended in the litigation by a reasonable hourly rate. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Id.* at 945–46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). After determining the lodestar fee, the court must decide whether to adjust the fee upward or downward based on any facts not considered in the initial

3

1  lodestar calculation. *Id.* at 946. Such an adjustment is appropriate in "rare and exceptional cases"
2  when there is "specific evidence" and "detailed findings." *Id.*; *Van Gerwen v. Guar. Mut. Life*
3  *Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

### i. Hourly Rate

An attorney's skill, reputation, and experience are used to calculate a reasonable hourly rate. *Welch*, 480 F.3d at 946. The Court analyzes what rates attorneys of comparable ability and reputation charge for similarly complex work in the relevant community. *Id.*; *United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Emp. of Asarco, Inc.*, 512 F.3d 555, 564 (9th Cir. 2008). An applicant seeking fees may show a rate is reasonable by submitting rate determinations in other cases litigated by the same firm or "declarations from comparable ERISA lawyers" to demonstrate the market rate. *Welch*, 480 F.3d at 947.

Plaintiff requests fees for two attorneys: Robert J. McKennon ("McKennon") and Joseph S. McMillen ("McMillen") who both work at McKennon Law Group PC (the "Firm"). (ECF No. 71-1 at 7.) Both are experienced ERISA lawyers who have practiced 34 years and 24 years, respectively. (*Id.* at 19–20.) For McKennon, Plaintiff requests rates of $650, $700, $750, and $800 for the years 2015 to 2020. (*Id.* at 19.) For McMillen, Plaintiff requests rates of $495, $550, $600, $625, and $700 for 2015 to 2020. (*Id.*) Plaintiff argues the Firm raised the billing rates over time to reflect the increase in experience and because rates for ERISA lawyers generally increase. (*Id.* at 21); *see Harlow v. Metro. Life Ins. Co.*, 379 F. Supp. 3d 1046, 1054–56 (C.D. Cal. 2019). Plaintiff submitted declarations from three lawyers who predominately work on ERISA claims to attest to the reasonableness of these hourly rates. (*See* ECF Nos. 71-2, 71-13, 71-14.) Plaintiff also cites various ERISA decisions from district courts in the Ninth Circuit in which similar rates were awarded. (ECF No. 71-1 at 22–24.)

In opposition, Defendant argues the rates are inadequate evidence of the market because Plaintiff fails to show that clients pay such rates and the type of work involved. (ECF No. 73 at 23.) Defendant argues Plaintiff failed to offer "any meaningful evidence to suggest that the market has paid or is willing to pay their purported hourly rates for the type of work they performed in this ERISA action." (*Id.*) Defendant contends the declarations provided lack

4

specificity and are self-serving to ERISA lawyers because they perpetuate high rates. (*Id.* at 23–24.) Defendant contends that "[d]eclarations filed by the fee applicant do not conclusively establish the prevailing market rate." (*Id.*) Further, Defendant seeks an answer for the unexplained rate increase for McMillen one month after starting work on this case from $495 to $550. (ECF No. 73 at 23.) Defendant contends that a rate of $625 for McMillen and $750 for McKennon would be appropriate for their work in 2020, pointing to another case the Firm litigated in which the court found those rates to be reasonable. (*Id.* at 13, 23–24). Defendant argues the Court should keep in mind ERISA's purpose, to litigate disputes with minimal costs as to prevent a windfall to the prevailing party. (ECF No. 73 at 25.)

The Court finds that the declarations, which purport to demonstrate the hourly market rate, are unpersuasive. The Court agrees with Defendant that the declarations serve to bolster the hourly rates of ERISA attorneys at large. *See Fogerty*, CV 19-3018 DSF (GJSx) (C.D. Cal. May 26, 2020) (holding, like other courts, that a high award would support the declarant's own rate in other cases and that McKennon has given similar declarations for Brehm and Calvert in their ERISA cases); *see, e.g.*, *Dmuchowsky v. Sky Chefs, Inc.*, No. 18-CV-01559-HSG-DMR, 2019 WL 1934480, at *11 (N.D. Cal. May 1, 2019). Indeed, the Eastern District has previously elected to limit ERISA attorney rates. *See Barboza v. Cal. Assoc. of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 (E.D. Cal. June 3, 2016) (awarding $550 to a senior ERISA lawyer in 2015). Therefore, the Court will reduce the rates requested for McKennon and McMillen to reflect the rates granted in prior cases cited above. The Court will not grant the arbitrary raise in McMillen's rate from $495 to $550 at the middle of the calendar year in 2015. (ECF No. 73 at 23.) The Court will award the rates as follows:

| Year | 2015 – 2016 | 2017 – 2018 | 2019 – 2020 |
|---|---|---|---|
| **Robert McKennon** | Requested: $700<br>Adjusted: $650 | Requested: $750<br>Adjusted: $700 | Requested: $800<br>Adjusted: $750 |
| **Joseph McMillen** | Requested: $495/550<br>Adjusted: $495 | Requested: $600<br>Adjusted: $550 | Requested: $700<br>Adjusted: $625 |

5

                    *ii.*      *Hours Expended*

"In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Welch*, 480 F.3d at 946 (quoting *Hensley*, 461 U.S. at 434). As noted above, the fee applicant bears the burden to document the time for which compensation is requested. *Id.* at 945–46. A district court may therefore impose reductions if it is unable to attribute hours to one or another task, i.e., for block billing. *Id.* at 948 ("[B]lock billing makes it more difficult to determine how much time was spent on particular activities."). However, "attorneys are 'not required to record in great detail how each minute of [their] time was expended.'" *United Steelworkers*, 512 F.3d at 565 (quoting *Hensley*, 461 U.S. at 437 n.12). Attorneys "need only 'keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed.'" *Id.* (citation omitted).

      Plaintiff argues the time spent by counsel in this litigation was reasonable. (ECF No. 71-1 at 14; *see* ECF No. 71-5 at 2–4 (providing chart of billed hours).) Plaintiff argues the case was litigated over the course of five years and seeks "$413,168 in fees [plus $16,400 for the reply brief to the fees motion] for 671.6 hours of work on a case in which MetLife compelled a bench trial, MSA [summary adjudication motion], two motions to augment, significant discovery and an out-of-town mediation." (*Id.* at 17, 25.) Plaintiff also points to a previous ERISA case in which the court awarded the full hours requested. (ECF No. 71-1 at 17); *see Reddick v. Metro. Life Ins. Co.*, No. 3:15-cv-02326-L-WVG, 2018 WL 637938, at *4 (S.D. Cal. Jan. 31, 2018). *Reddick* was litigated for only 27 months and did not include the preparation of trial briefs and a motion for summary adjudication ("MSA"), yet the court found 515.1 hours spent on the case to be reasonable. (*Id.*)

      Defendant contends Plaintiff is claiming fees for hours which are "duplicative" because the Firm has reused work product from other ERISA cases in which courts have already awarded fees. (ECF No. 73 at 12.) Defendant points to three prior cases in which the Firm argued for attorneys' fees and courts lowered the amount of fees from 30% to 40%. (*Id.* at 13–14.) Defendant does not believe the five-year duration of the case should have a significant impact on

1  the hours expended, as 87% of the time there was no litigation activity.  (*Id.* at 14–15.)

2  Defendant seeks to reduce Plaintiff's fee request by 50% to $216,000.  (*Id.* at 25.)  In response,

3  Plaintiff argues that the fee reduction should be rejected, citing Ninth Circuit authority requiring

4  specificity for reductions larger than 10%.  (ECF No. 75 at 10.)

5  Below are the entries which Defendant argues should be reduced or eliminated.  (ECF No.

6  73 at 16–22.)  The Court will analyze each entry in turn to determine if the time spent was

7  reasonable.

*a.  Complaint and Review of the Administrative Record*

9  Plaintiff spent 139.15 hours reviewing the administrative record ("AR") and 40.95 hours

10 drafting the complaint.  (ECF No. 71-5 at 2.)  Defendant argues that an AR typically contains

11 duplicate pages and many pages with insignificant information.  (ECF No. 73 at 16.)  Defendant

12 points out that while Plaintiff claims to have spent 40.95 hours drafting the complaint, 84.20

13 hours were billed.  (ECF No. 73 at 16; ECF No. 73-7 at 4.)  Defendant seeks to reduce the time

14 Plaintiff claims for drafting the complaint to 40.95 hours and for reviewing the AR to 64.9 hours

15 to account for 1.4 minutes spent per page.[1]  (ECF No. 73 at 17.)

16 In reply, Plaintiff points out that it was reasonable to spend 139.15 hours reviewing the

17 AR (2,484 pages) because it is the most critical file in the case.  (ECF No. 75 at 10.)  Plaintiff

18 reviewed the AR at three minutes per page (139.15 hours total x 60 minutes ÷ by 2,484 pages).

19 (ECF No. 71-3 at 15.)  The three minutes per page "included two different lawyers reviewing the

20 record, as necessary, several times at different stages of the case over a five-year period."  (ECF

21 No. 75 at 10.)  Plaintiff distinguishes this case from a prior case, *Reddick*, in which two minutes

22 per page was reasonable because it required less review as it was only litigated for 27 months and

23 had no trial briefing or MSA.  (*Id.* at 11.)  Further, Plaintiff claims Defendant incorrectly states

24 that they billed 84.2 hours drafting the complaint, which they did not.[2]  (*Id.* at 11.)

---

[1] The Court believes Defendant miscalculated the proposed reduced hours spent on the AR. In the Court's calculation, applying a 1.4 minute per page rate, the hours are reduced to 57.96.

[2] Plaintiff claims Defendant's charts (attached as exhibits) are incorrect because they include identical time entries in multiple different fee categories.  (ECF No. 75 at 11, n.10.) Plaintiff asserts that if the Court bases its decision on Defendant's charts, it will accidentally

7

The Court analyzed Plaintiff's billing statement (ECF No. 71-10) and agrees with Plaintiff that Defendant misstates the time spent on the complaint. Plaintiff spent 40.95 hours drafting the complaint, which this Court finds reasonable and will not reduce. *See Reddick*, 2018 WL 637938, at *3 (40.5 hours to prepare the complaint held to be reasonable). However, the Court finds time spent reviewing the AR to be unnecessary. In other cases the Firm has litigated, courts have held that one to two minutes reviewing per page is appropriate "to account for the inefficiency and for the duplicative, although necessary, work involved in reviewing the administrative record." *Ibarra*, 2020 WL 11772599, at *10 (C.D. Cal. Apr. 6, 2020); *Reddick*, 2018 WL 637938, at *3 (83.5 hours reviewing 2,534 page AR at less than two minutes per page deemed reasonable when billed at a lower rate by junior associates). This Court finds that 139.15 hours spent reviewing the AR, when the Firm has previously reviewed a comparable record in 40% less time, seems excessive. Therefore, the Court will reduce time spent reviewing the AR to 1.4 minutes per page or 57.96 hours, resulting in an award of $31,599.68.[3]

            b. *Venue Issues*

Defendant contends that Plaintiff should have filed the complaint originally in the Eastern District of California, where Plaintiff resides, instead of in the Central District of California. (ECF No. 73 at 17.) Defendant argues that because Plaintiff incorrectly filed in the Central District of California, the $2,635 requested fees billed for time spent on the venue issue should not be granted. (*Id.*) Plaintiff did not reply to Defendant's argument. (*See* ECF No. 75.) As such, the Court finds that it is reasonable to eliminate the fees billed for time spent on venue issues. Therefore, the Court deducts 2.90 hours, reducing the amount from $1,665 to $0.[4]

---

increase the fee cut it intends. (*Id.*) However, it is of note that Plaintiff failed to provide a useful chart to the Court. (*See* ECF No. 71-5 (lacking information about billing rates and which attorney worked on each issue).) Therefore, the Court had to spend significant time analyzing Plaintiff's 39-page billing statement (ECF No. 71-10) to produce relevant numbers.

[3]   The Court reduced McKennon's hours from 17.85 to 7.5, and McMillen's from 121.20 to 50.42. The Court then applied the adjusted hourly median rates ($700 for McKennon and $522.5 for McMillen) because the entries spanned multiple years. Thus, the Court reduced the award from $81,265.15 to $31,599.68.

[4]   Defendant misstated the amount Plaintiff's attorneys billed to venue issues. (ECF No. 73-

        *c.*  *Mediation*

Defendant argues that Plaintiff did not need to have two highly experienced ERISA lawyers present at the mediation, so McKennon's time (one hour by telephone) should be disregarded in this category. (ECF No. 73 at 17.) Defendant seeks to have the claimed fees reduced by 32 hours to subtract 8.3 hours from attending the mediation and twenty hours for tasks pertaining to mediation. (*Id.* at 18.) In reply, Plaintiff contends that they did not spend the 60 hours billed to mediation as Defendant charges. (ECF No. 75 at 12.) Plaintiff spent 16.3 hours on travel time, as documented by a boarding pass, and the mediation itself. (*Id.*; ECF No. 75-3 at 2–3.) Plaintiff argues that Defendant's billing guidelines likely restrict counsel from billing for full travel or greater than an eight-hour workday. (*Id.*) The Court finds that Plaintiff billed 43.40 hours to mediation, not 60 as Defendant suggests. (ECF No. 71-5 at 2.)

  The Ninth Circuit holds that "participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." *Kim v. Fujikawa*, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989). However, this Court does find McKennon's time attending the mediation to be duplicative considering McMillen's expertise and 24 years' experience. Thus, the Court will reduce time Plaintiff spent for mediation to 32 hours as Defendant requested to account for excessive time billed. *See Cohen v. Aetna Life Ins. Co.*, No. SA CV 19-01506-DOC-DFM, 2021 WL 2070205, at *9 (C.D. Cal. May 18, 2021) (finding 29.8 hours for drafting mediation brief, performing mediation, and attending mediation reasonable). Therefore, the Court will grant 32 hours for mediation, reducing the amount requested from of $26,693.00 to $16,622.00.[5]

        *d.*  *Standard of Review Motion*

Defendant contends the time spent on the MSA should be reduced by 20 hours because it was a straightforward motion which reiterated allegations from the complaint. (ECF No. 73 at

---

7 at 5–6.) As such, the Court corrected the amount billed to reflect the actual value from Plaintiff's billing statement. (*See* ECF No. 71-10.)

[5]  The Court reduced the hours billed by 11.4 hours and reduced the hours in proportion to what each lawyer billed. The Court utilized the adjusted billings rates for 2016 of $495 for McMillen and $650 for McKennon.

1 18.) In reply, Plaintiff argues that 66.05 hours to prepare an MSA and all related papers is

2 common. (ECF No. 75 at 12.) Plaintiff points to the complex docket for this case and the recent

3 Ninth Circuit guidance on MSA to suggest that the time taken was reasonable for such a difficult

4 issue. (*Id.*; ECF No. 36); *Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan*, No.

5 14-55919, 2017 WL 1947883 (9th Cir. 2017).

6 The Court finds that the motion is repetitive of work the Firm has done in the past and

7 should be reduced by 20 hours as Defendants requested. Therefore, the Court will award Plaintiff

8 for 46.05 hours, resulting in an award of $24,073.50.[6]

9 *e.   Motion to Augment the Administrative Record*

10 Plaintiff argues Defendant refused to stipulate to a *de novo* standard of review. (ECF No.

11 71-1 at 16.) Because of Defendant's delay of several months in deciding whether to stipulate or

12 not, Plaintiff's "patience ran out" and the Firm started to prepare the motion which was,

13 ultimately, not filed. (*Id.*)

14 Defendant argues that Plaintiff's time spent on this motion should be reduced to 20 hours

15 because the Firm has filed numerous similar motions and, thus, "have borrowed heavily from [the

16 Firm's] prior filings." (ECF No. 73 at 19.) In response, Plaintiff argues that in a recent ERISA

17 case argued by the Firm, a court found 45.45 hours spent on a motion to augment the AR

18 reasonable. (*See* ECF No. 75 at 13); *Fogerty*, CV 19-3018 DSF (GJSx) (C.D. Cal. May 26, 2020)

19 (ECF No. 73-3 at 17.)

20 Plaintiff billed 41.75 hours to the motion to augment. (ECF No. 71-5 at 2.) The

21 document in question is roughly 40 pages long, and includes the notice of motion, motion, and

22 two declarations from McMillen and Monroe. (ECF No. 75-4.) The Court finds that the time

23 requested would be typically reasonable, such as in *Fogerty*. *Fogerty*, CV 19-3018 DSF (GJSx)

24 (C.D. Cal. May 26, 2020) (ECF No. 73-3 at 17.) However, because this motion was not used, it

---

[6] The Court calculated this number by analyzing how many hours McKennon and McMillen individually worked on the MSA. (ECF No. 71-10 at 13–20.) McMillen worked 52.8 hours on the MSA at an hourly rate of $600, and McKennon worked 13.25 hours at a rate of $700. The Court reduced the hours by 20 and applied the adjusted rates for 2016. Therefore, the Court reduced the amount billed from $40,955 to $24,073.50.

is less clear if the time Plaintiff spent was necessary. Further, the Court finds that much of the motion would be repeat from the Firm's earlier work. *See Fogerty*, CV 19-3018 DSF (GJSx) (ECF No. 73-3 at 17.) (finding "[p]laintiff's motion was duplicative of other, similar motions filed by [p]laintiff's counsel in the past and finds the time billed to be excessive"). Therefore, the Court will reduce the time by 20 hours to 21.75 hours, resulting in an award of $12,232.50.[7]

### f. Preparation of Trial Briefs

Defendant claims Plaintiff spent 85 hours preparing for trial yet billed 165 hours. (ECF No. 73 at 19.) Defendant argues that the trial briefs overlapped significantly with the AR, which Plaintiff spent ample time reviewing previously to draft the complaint. (*Id.*) Further, Defendant notes that Plaintiff's attorneys are highly experienced and should not need to spend 165 hours preparing briefs. (*Id.* at 19–20.) Defendant seeks to have the hours spent preparing trial briefs reduced to 100 hours. (*Id.* at 20.)

In reply, Plaintiff argues that Defendant misleads the Court in overstating the hours billed by including hours which were previously accounted for in other categories of billing. (ECF No. 75 at 13.) The Court agrees that Defendant misstates the hours Plaintiff spent preparing the trial briefs. The Court finds the 85 hours spent preparing for trial to be reasonable considering Defendant seeks to have it reduced to 100 hours. Therefore, the Court will not reduce the hours requested for preparation of trial briefs.

### g. Fees Motion

Defendant claims Plaintiff seeks compensation for 42.5 hours in time spent on the fees motion, when Plaintiff claims to have billed 34.6 hours. (ECF No. 73 at 20.) Defendant argues the Firm has filed numerous similar fee motions. (*Id.* at 21.) As such, Plaintiff should not be awarded for "recycling its template fee motion." (*Id.*) Defendant points to previous cases the Firm has worked on in which the court reduced time billed for its fee motion because "Plaintiff's counsel did little if any new research to prepare this motion and copied entire sections almost

---

[7] The Court reduced McMillen's hours billed from 38.95 to 19.95 hours and McKennon's from 2.8 to 1.8 hours and accounted for the adjusted hourly rates for McMillen at $550 and McKennon at $700. Thus, the Court reduced the fee from $25,330.00 to $12,232.50.

verbatim from its previous filings." (*Id.*) (quoting *Fogerty*, CV 19-3018 DSF (GJSx) (C.D. Cal. May 26, 2020)) (ECF No. 73-3 at 19.) Defendant argues that Plaintiff should be awarded 25 hours for the fees motion. (ECF No. 73 at 21.)

Plaintiff replies that the hours billed already reflect the use of a template for the fee motion. (ECF No. 75 at 13.) Plaintiff argues that in *Reddick* the court approved 43.6 hours for their fee motion, and here Plaintiff is only claiming 34.6 hours. (*Id.*); *Reddick*, 2018 WL 637938, at *3; *see Harlow*, 379 F. Supp. 3d at 1058–1059.

This Court agrees with previous courts' rulings that Plaintiff's fees motion likely copies heavily from prior motions the Firm has filed. *Ibarra*, 2020 WL 11772599, at *12 (holding that the time billed was unreasonable and thus a ten-hour reduction was reasonable); *Fogerty*, CV 19-3018 DSF (GJSx) (ECF No. 73-3 at 19). Further, since *Reddick*, the Firm has litigated numerous cases and increased its experience filing these motions which should reduce the time necessary to complete one. Therefore, the Court agrees with Defendant that the time billed for the fees motion should be reduced to 25 hours, resulting in an award of $16,062.00.[8]

### h. Block Billed Entries and Excessive Time Entries

Defendant argues that the Court should reduce the fee requested for block-billed and duplicative entries. (ECF No. 73 at 22.); *see, e.g.*, *Fisher v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). Defendant argues that Plaintiff used block-billing for 18.7 hours of clerical tasks which should be eliminated. (*Id.*) Specifically, Defendant seeks to eliminate time billed to calculation of damages/benefits and prejudgment interest, 10 hours spent on an email, 2.1 hours to review and revise a stipulation, and 3.3 hours to address a dispute in attorney-client relations. (*Id.*) Defendant created a chart which highlights what they consider to be excessive entries in preparation for trial. (ECF No. 73-7 at 25.) Plaintiff, in reply, argues that Defendant "grouped the time charged into categories and unpersuasively argues for completely arbitrary deep percentage cuts of the total time billed." (ECF No. 75 at 10.)

---

[8] The Court reduced McMillen's hourly rate to $625 and McKennon's to $750. The Court then reduced the 34.60 hours by 9.6 to reach 25 hours and decreased each lawyer's contribution in proportion. Thus, the amount was adjusted from $23,345 to $16,062.50.

In *Fisher*, the court noted that "plaintiff's counsel 'is not required to record in great detail how each minute of his time was expended,'" however, the court may reduce time charged if entries are overly vague. *Fisher*, 214 F.3d at 1121 (quoting *Hensley*, 461 U.S. at 433, 437 n.12). Here, the Court agrees with Defendant that some tasks are vague or repetitive and should be eliminated. (*See* ECF No. 73-7 at 21–22.) For example, the Court finds that 2.7 hours spent to "review and analyze letter from [Defendant]" and portions of the AR is excessive and should be reduced accordingly. (*Id.* at 23.) Therefore, the Court will eliminate the 18.7 hours for clerical tasks and block-billed entries, resulting in a decrease of $12,640. (ECF No. 73-7 at 21–24.)

### iii.   Request for Costs

Plaintiff also requests compensation for her costs. Section 1132(g)(1) allows the court to award an ERISA litigant any "costs of action" of the type permitted under 28 U.S.C. § 1920.[9] *Agredano v. Mut. Of Omaha Cos.*, 75 F.3d 541, 544 (9th Cir. 1996). However, interpreting an analogous clause in § 1132 (g)(2), the Ninth Circuit has held that the court may also award an ERISA litigant its non-taxable costs as attorneys' fees, provided those costs are ordinarily billed separately to clients in the relevant community, such as computerized legal research. *Tr. of Constr. Indus. v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006). The Court will not award costs related to mediation and travel. *McAfee v. Metro. Life Ins. Co.*, 625 F. Supp. 2d 956, 976 (E.D. Cal. 2008).

Plaintiff seeks reimbursement for statutory costs of $400 and non-statutory costs for "travel, service/messenger fees, mediation and computerized legal research" in the amount of $2,908.96 for a total of $3,308.96. (ECF No. 71-1 at 25.) Defendant argues that the Court should not reimburse Plaintiff for costs not included in 28 U.S.C. § 1920, or by Local Rules 54-3 and 54-

---

[9]   That section provides as follows: "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

4. (ECF No. 73 at 25–26.) Plaintiff has provided a Declaration from McKennon (ECF No. 71-6 at 20) as evidence that inclusion of these expenses is "the prevailing practice in [their] community" to bill those costs separately from their hourly rates to their clients. (ECF No. 71-1 at 25.); *see Tr. of Const. Industry*, 460 F.3d at 1258. However, the Court is unpersuaded by the declaration from McMillen because he is working on the case at hand and has obvious incentives to claim these fees are customary. Thus, the Court holds that plaintiff should recover $400 for statutory costs, but the costs for travel and mediation should be reduced to $1,660.32. (ECF No. 71-11 at 2–3.) Therefore, the Court will award $2,060.32 total for costs.

In sum, the Court will *reduce* Plaintiff's fee requests as follows:

| Category | Hours Requested | Hours Granted | Fees Requested[10] | Fees Granted[11] |
|---|---|---|---|---|
| Administrative Record | 139.15 | 57.96 | $81,265.15 | $31,599.68 |
| Venue | 2.90 | 0 | $1,665.00 | $0 |
| Mediation | 43.40 | 32 | $26,693.00 | $16,622.00 |
| MSA | 66.05 | 46.05 | $40,955.00 | $24,073.50 |
| Motion to Augment | 41.75 | 21.75 | $25,330.00 | $12,232.50 |
| Fee Motion | 34.60 | 25 | $23,345.00 | $16,062.00 |
| Block Billing | 18.7 | 0 | $12,640.00 | $0 |

The total reductions equal $100,589.68. Subtracting these reductions from Plaintiff's total requested fees of $429,568 results in a fee award of $328,978.32. The Court concludes this total is reasonable based on Plaintiff's representations, and Defendant has not persuaded the Court that any further reduction is warranted.

///

---

[10] As previously mentioned, Plaintiff did not complete these calculations for the Court, so these numbers reflect the Court's best efforts to estimate the fees requested based on the information provided.

[11] The Court bases these calculations on the adjusted hourly rates as detailed above.

**IV.  CONCLUSION**

Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 71) is GRANTED in part and DENIED in part as follows: the Court GRANTS Plaintiff's request for fees and costs but reduces the amounts to $328,978.32 in fees and $2,060.32 in costs, resulting in a total award of $331,038.64.

IT IS SO ORDERED.

DATED: March 2, 2022

                                                                   Troy L. Nunley
                                                                   United States District Judge